1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    KAIRE POOLE,
                                              Case No.  20-cv-09379-PJH
8                    Plaintiff,

9          v.                                 **ORDER GRANTING DEFENDANT'S**
                                              **MOTION TO DISMISS**
10   MERRICK B. GARLAND,
                                              Re: Dkt. No. 27
11                   Defendant.

12

13

14         Defendant's motion to dismiss plaintiff's second amended complaint ("SAC") came

15   on for hearing before this court on October 14, 2021.  Plaintiff appeared through her

16   counsel, Michael Hawbecker.  Defendant appeared through his counsel, Kenneth

17   Brakebill.  Having read the papers filed by the parties and carefully considered their

18   arguments and the relevant legal authority, and good cause appearing, the court hereby

19   GRANTS defendant's motion, for the reasons stated at the hearing.

20         As noted at the hearing, "Title VII provides the exclusive judicial remedy for claims

21   of discrimination in federal employment."  McGee v. Dejoy, 821 F.App'x 860, 861 (9th Cir.

22   2020) (citing White v. Gen. Servs. Admin., 652 F.2d 913, 916-17 (9th Cir. 1981)); see

23   also Brown v. Gen. Servs. Admin., 425 U.S. 820, 824 (1976).  This case involves

24   allegations of racial discrimination in federal employment.  Therefore, the claims,

25   currently pleaded as violations of Title 42 U.S.C. §1981, must be re-pleaded under Title

26   VII.  The court grants plaintiff leave to amend her first and second claims for hostile

27   environment and disparate treatment.  In the third amended complaint, the allegations of

28   adverse employment action must be limited to those described in the SAC under the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  header "adverse employment actions/disparate treatment of plaintiff."  Defendant has

2  properly grouped the factual allegations found in this section of the SAC into 6

3  categories, to which the court has added a seventh.  Dkt. 26 ¶¶ 72-107.  Plaintiff's third

4  claim for retaliation is dismissed with prejudice based on plaintiff's continued failure to

5  plead facts establishing a causal nexus between her prior protected activity and the

6  conduct at issue in this lawsuit.

7       Plaintiff may file her amended complaint, complying with the guidance given on the

8  record, within 28 days of the date of this order.  Defendant may respond within 28 days

9  following plaintiff's filing.

10      **IT IS SO ORDERED.**

11  Dated: October 15, 2021

12                                            */s/ Phyllis J. Hamilton*
                                             PHYLLIS J. HAMILTON
13                                           United States District Judge