DocuSign Envelope ID: BD1CE5AD-13A4-4C6D-9CF7-D607949CDFD5

1   ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
2   MICHELLE LO (NYRN 4325163)
    Chief, Civil Division
3   KENNETH W. BRAKEBILL (CABN 196696)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-7167
6       Fax: (415) 436-6748
        kenneth.brakebill@usdoj.gov
7
8   Attorneys for Defendant

9   MICHAEL L. HAWBECKER (CABN 191216)
    Hawbecker Law Offices
10  P.O. Box 277
    San Clemente, CA 92674
11  Telephone: (510) 219-2727
    Facsimile: (510) 217-5901
12  Email: mlhlaw3@gmail.com

13  Attorney for Plaintiff

14

15                      UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                            OAKLAND DIVISION

18

19  KAIRE MARY DIVINE POOLE,              )  CASE NO. 4:20-cv-09379 PJH
    ADMINISTRATRIX OF THE ESTATE OF       )
20  KAIRE JOYCE BESSES AKA KAIRE          )
    POOLE, DECEASED,                      )  **STIPULATION OF SETTLEMENT AND**
21                                        )  **DISMISSAL WITH PREJUDICE; [PROPOSED]**
         Plaintiff,                       )  **ORDER**
22                                        )
       v.                                 )
23                                        )
    MERRICK B. GARLAND,                   )  Honorable Phyllis J. Hamilton
24                                        )
         Defendant.                       )
25

26

27          IT IS HEREBY STIPULATED by and between the undersigned Plaintiff and Defendant, by and

28  through their respective attorneys, as follows:

    STIPULATON OF SETTLEMENT AND DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER
    CASE 4:20-CV-09379-PJH                    1

DocuSign Envelope ID: BD1CE5AD-13A4-4C6D-9CF7-D607949CDFD5

1       WHEREAS, Plaintiff filed the above-captioned action on December 29, 2020;

2       WHEREAS, Plaintiff filed the following administrative EEO complaints with the Bureau of

3  Prisons: BOP-2016-0672 and BOP-2016-0942:

4       WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to

5  settle and compromise fully any and all claims and issues that have been raised, or could have been

6  raised, in this action arising out of Plaintiff's employment with Defendant, which have transpired prior to

7  the execution of this Settlement Agreement ("Agreement");

8       NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and

9  other good and valuable consideration, the parties agree as follows:

10       1. **Settlement Amount**. In full and final settlement of all claims in connection with the

11  above-captioned action, Defendant shall pay Plaintiff a total sum of Fifty-Five Thousand dollars

12  ($55,000.00) ("Settlement Amount"). Payment of the Settlement Amount shall be deposited by

13  electronic fund transfer to the bank account Plaintiff shall designate in an Electronic Funds Transfer

14  enrollment form the Plaintiff will provide to the undersigned Assistant United States Attorney within

15  five days of executing this Agreement. Plaintiff's attorney agrees to distribute the settlement proceeds

16  to the Plaintiff. Plaintiff and Plaintiff's attorney have been informed that payment of the Settlement

17  Amount may take sixty (60) days or more to process from the date that the Court signs this Agreement.

18       2. **Release**. In consideration of the payment of the Settlement Amount and the other

19  terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges

20  Defendant, the Bureau of Prisons, and any and all of their past and present officials, agents, employees,

21  attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities,

22  actions, causes of action, claims and demands of any kind and nature whatsoever, including claims

23  arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, whether suspected or

24  unsuspected, at law or in equity, known or unknown, or omitted prior to the date she executes this

25  Agreement, which arise from or relate to Plaintiff's employment with the Bureau of Prisons.

26       3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction

27  of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all

28  stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district

DocuSign Envelope ID: BD1CE5AD-13A4-4C6D-9CF7-D607949CDFD5

1  court complaints in connection with the above-captioned action, and any other EEO administrative

2  proceedings which are currently pending.

3      4. **Dismissal**. In consideration of the payment of the Settlement Amount and the other

4  terms of this Agreement, Plaintiff agrees that execution of this Stipulation and its approval by the Court

5  shall constitute dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

6  Said stipulation of dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could

7  have been asserted in this action.

8      5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code

9  Section 1542 are set forth below:

10          A general release does not extend to claims that the creditor or releasing party
does not know or suspect to exist in his or her favor at the time of executing the

11          release and that, if known by him or her, would have materially affected his or her
settlement with the debtor or released party.

12  Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by Plaintiff's

13  attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights

14  Plaintiff may have pursuant to the provision of that statute and any similar provision of federal law.

15  Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government

16  for damages pertaining thereto are found hereinafter to be other than or different from the facts now

17  believed by them to be true, this Agreement shall be and remain effective notwithstanding such material

18  difference.

19      6. **No Admission of Liability**. This is a compromise settlement of a disputed claim and

20  demand, which settlement does not constitute an admission of liability or fault on the part of the

21  Defendant, the Bureau of Prisons, or any of their past and present officials, agents, employees, attorneys,

22  or insurers on account of the events described in Plaintiff's complaint in this action.

23      7. **Tax Liability**. There shall be no withholding from the Settlement Amount. Plaintiff

24  understands that this payment will be reported to the Internal Revenue Service, and that any questions as

25  to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the relevant

26  tax authorities. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel

27  based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible

28

DocuSign Envelope ID: BD1CE5AD-13A4-4C6D-9CF7-D607949CDFD5

1   for paying any such determined liability from any government agency thereof.  Nothing in this

2   Agreement constitutes an agreement by the United States of America concerning the characterization of

3   the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States

4   Code.

5             8. **Treasury Offset Program**.  Nothing in this Agreement waives or modifies federal,

6   state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the

7   settlement proceeds, and Plaintiff is executing this Agreement without reliance on any representation by

8   Defendant as to the application of any such law.  Accordingly, the United States may offset against the

9   Settlement Amount Plaintiff's delinquent debts to the United States, if any.  *See Astrue v. Ratliff,* 560

10   U.S. 586 (2010).

11             9. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in**

12   **Employment Act**.  Plaintiff acknowledges that Plaintiff has up to twenty-one (21) calendar days from

13   the date Plaintiff receives this Agreement to review and consider this Agreement, discuss it with an

14   attorney of Plaintiff's choice, and decide to sign it or not sign it, although Plaintiff may accept or return

15   it to Defendant's counsel at any time within those twenty-one (21) days.  Plaintiff is advised to consult

16   Plaintiff's attorney about the Agreement.

17             10. Once Plaintiff signs and dates this Agreement, Plaintiff will have seven (7) days in

18   which to revoke acceptance.  To revoke, Plaintiff must send a written statement of revocation, which

19   should be mailed and faxed to: Kenneth Brakebill, Assistant United States Attorney, United States

20   Attorney's Office, 450 Golden Gate Avenue, San Francisco, CA 94102-3495; fax (415) 436-6748.

21   Plaintiff understands that if Plaintiff revokes, this Agreement shall have no effect.  If Plaintiff does not

22   revoke, this Agreement will become effective on the eighth (8th) day ("the Effective Date") after the

23   date Plaintiff signs and dates this Agreement.

24             11. **Outstanding Liens for Medical or Psychological Treatment.**  Plaintiff is solely

25   responsible for satisfying any and all outstanding liens relating to Plaintiff's medical or psychological

26   treatment arising out of the subject matter of this action.  Plaintiff shall indemnify Defendant from any

27   liability Defendant may incur from any lien claimant arising out of Plaintiff's failure to satisfy

28   outstanding lien(s).

DocuSign Envelope ID: BD1CE5AD-13A4-4C6D-9CF7-D607949CDFD5

1         **12. Choice of Law and Venue.** This Agreement is governed by the laws of the United

2    States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United

3    States District Court for the Northern District of California.

4         **13. Construction.** Each party hereby stipulates that it has been represented by and has

5    relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had

6    the contents of the Agreement fully explained to it by such counsel, and is fully aware of and

7    understands all of the terms of the Agreement and the legal consequences thereof, and enters into this

8    Agreement knowingly and voluntarily. For purposes of construction, this Agreement shall be deemed to

9    have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any

10    Party for that reason in any subsequent dispute.

11         **14. Severability.** If any provision of this Agreement shall be invalid, illegal, or

12    unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way

13    be affected or impaired thereby.

14         **15. Integration.** This instrument shall constitute the entire Agreement between the

15    parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily

16    entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this

17    Agreement. The parties further acknowledge that no warranties or representations have been made on

18    any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or

19    otherwise changed in any respect except by writing, duly executed by all of the parties or their

20    authorized representatives.

21         **16. Authority.** The signatories to this Agreement warrant and represent that they

22    possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

23    //

24    //

25    //

26    //

27    //

28    //

DocuSign Envelope ID: BD1CE5AD-13A4-4C6D-9CF7-D607949CDFD5

17. **Execution in Counterparts**.  It is contemplated that this Agreement may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

DATED: 3/18/2024 | 2:22:53 PDT

KAIRE MARY DIVINE POOLE
Administratrix of the Estate of Kaire Joyce Besses
aka Kaire Poole, Deceased

DATED: March 19, 2024

MICHAEL L. HAWBECKER
Attorney for Plaintiff

ISMAIL J. RAMSEY
United States Attorney

DATED:                        By:

KENNETH BRAKEBILL
Digitally signed by KENNETH BRAKEBILL
Date: 2024.04.15 13:00:25 -07'00'

KENNETH BRAKEBILL
Assistant United States Attorney
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 18, 2024

IT IS SO ORDERED
Judge Phyllis J. Hamilton

HONORABLE PHYLLIS J. HAMILTON
Senior U.S. District Judge
Northern District of California